# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES E. JOHNSON,

    Plaintiff,

v.

ANDREW M. SAUL,
**Commissioner of Social Security,**

    Defendant.

CIVIL ACTION

No. 19-2559-JWL

## MEMORANDUM AND ORDER

Plaintiff, who is pro se,[1] filed his complaint in this case on September 13, 2019 seeking monetary and punitive damages from the Social Security Administration (SSA) because he alleges it wrongfully stopped his disability benefits. (Doc. 1, pp.3-4). In his complaint, Plaintiff cited 28 U.S.C. § 1343 as the basis for jurisdiction in this case. Id. at 3. Attachments to Plaintiff's complaint reveal that the Appeals Council remanded Plaintiff's case before the SSA to an Administrative Law Judge (ALJ) on January 23,

---

[1] Because he is pro se, the court construes Plaintiff's pleadings and briefs liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Travis v. Park City Mun. Corp., 565 F.3d 1252, 1254 (10th Cir. 2009). But, the court will not assume the role of advocate for him. Garrett v. Selby Conner Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

2018 (Doc. 1, Attach. 1), and that counsel for Plaintiff before the Appeals Council submitted a Letter Brief to the Appeals Council on April 15, 2019 (Doc. 1. Attach 2), all of which suggests that a final decision has not been reached before the SSA. Plaintiff has shown no basis to pursue this complaint before this court before he has exhausted his remedies before the agency. Finally, the only statutory basis for review of a decision of the SSA is pursuant to 42 U.S.C. § 405(g). 42 U.S.C. § 405(h).

The court recognized these issues, and on September 16, 2019 issued an Order to Show Cause no later than October 16, 2019 why this case should not be dismissed pursuant to 28 U.S.C. § 1915(b)(ii or iii) because it fails to state a claim upon which relief may be granted; or because it seeks monetary relief against a defendant who is immune from such relief. (Doc. 5). Plaintiff signed a certified mail receipt for the court's Order to Show Cause on September 23, 2019. (Doc. 6). It is now more than a week past the deadline to show cause, and Plaintiff has made no filing with the court.

General federal question jurisdiction in Social Security cases is barred by § 205(h) of the Social Security Act (42 U.S.C. § 405(h)). Reed v. Heckler, 756 F.2d 799, 782 (10th Cir. 1985) (citing Weinberger v. Salfi, 422 U.S. 749 (1975)). Therefore, the only basis for jurisdiction for judicial review of a decision of the Commissioner of the Social Security Administration is 42 U.S.C. § 405(g). That statute requires a "final decision of the Commissioner of Social Security made after a hearing to which [Plaintiff] was a party." Id. As noted above, the attachments to Plaintiff's complaint reveal that Plaintiff's administrative remedies regarding his loss of Social Security benefits have not

been exhausted before the Social Security Administration. Therefore, his complaint fails to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that this case shall be and is DISMISSED pursuant to 28 U.S.C. § 1915(b)(ii) because it fails to state a claim upon which relief may be granted and the court is without jurisdiction to address the claims raised at this time. Dismissal is without prejudice to file a complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration made after Plaintiff has exhausted his administrative remedies before the Commissioner.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 4) and Motion for Leave to Proceed In Forma Pauperis (Doc. 3) are DENIED as moot.

A copy of this order shall be provided to Plaintiff by certified mail.

Dated October 28, 2019, at Kansas City, Kansas.

            s:/ John W. Lungstrum
            **John W. Lungstrum**
            **United States District Judge**